IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERMAINE GARCIA,

       Petitioner,

vs.                                                                                 No. CV 17-00333 WJ/GJF

MATTHEW ELWELL, DIRECTOR
Sandoval County Detention Center

DAVID RIVAS, WARDEN
San Luis Regional Detention and Support Center

STEVE AFEMAN, CHIEF EXECUTIVE OFFICER
Emerald Companies, Inc.

ROBERT B. CORIZ, TRIBAL COURT JUDGE
GOVERNOR for the Pueblo of Kewa,

&

PUEBLO OF KEWA
(Formerly known as the Pueblo of Santo Domingo)

       Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus for Relief From a Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 filed by Petitioner, Jermaine Garcia ("Petition"). (Doc. 1). Also before the Court are the Response filed by Respondent David Rivas, Warden (Doc. 4), the Motion to Dismiss filed by Respondent Steve Afeman, Chief Executive Officer (Doc. 5), and the Motion to Amend Complaint filed by Petitioner Garcia (Doc. 7). The Court will dismiss Respondents Elwell, Rivas, and Afeman. The Court will grant the Motion to Amend and order that Clinton Funk, Warden of Chief Ignacio Tribal Justice Center be

1

substituted for Respondents Rivas and Elwell as Petitioner's immediate custodian, without prejudice to any defenses Warden Funk may raise to jurisdiction and venue in this Court. The Court will also dismiss the Pueblo of Kewa, *sua sponte*, based on sovereign immunity. Last, the Court will order Respondents Robert B. Coriz, Tribal Court Judge and Clinton Funk, Warden, to answer the Petition.

In his Petition, Garcia states that he is an enrolled member of the Pueblo of Kewa, that he was arrested within the interior boundaries of the Kewa Pueblo, charged with "intoxication" and "criminal mischief," and convicted and sentenced to 18 months of incarceration. (Doc. 1 at 2-4). Petitioner Garcia claims that his conviction and sentence violated his rights to due process, counsel, and a jury trial guaranteed by the Indian Civil Rights Act ("ICRA"). (Doc. 1 at 5-9). Petitioner seeks issuance of a writ of habeas corpus finding his conviction to be in violation of the ICRA and commanding his immediate release from custody. (Doc. 1 at 10).

Petitioner Garcia names, as Respondents, the Pueblo of Kewa, Robert Coriz, Tribal Court Judge and Governor of the Pueblo of Kewa, Matthew Elwell, Director, Sandoval County Detention Center, David Rivas, Warden, San Luis Regional Detention and Support Center, and Steve Afeman, Chief Executive Officer, Emerald Companies, Inc. (Doc. 1 at 1). Respondent Rivas filed a Response raising the defense of failure to state a claim, and answering that Petitioner was incarcerated at the San Luis Regional Detention and Support Center, but that Rivas is only the immediate physical custodian and has no authority other than to abide by a facially valid tribal court order. (Doc. 4). Respondent Afeman has filed a motion to dismiss on the grounds that is the CEO of the corporation operating the facility, but is not an immediate custodian of Petitioner, and is not a proper party to this proceeding. (Doc. 5).

Last, Petitioner Garcia has filed a Motion to Amend Complaint to Reflect Change in Incarceration and Add New Warden. (Doc. 7). Petitioner's Motion indicates that Petitioner is now incarcerated in the San Luis Regional Detention Center in Yuma, Arizona. (Doc. 7 at 2). Petitioner Garcia seeks to substitute the Warden of that facility, Clinton Funk, as Petitioner's immediate custodian in place of Respondent Rivas. Petitioner also indicates he has no opposition to dismissal of Respondent Afeman from this proceeding. (Doc. 7 at 2).

This is a habeas corpus proceeding under the ICRA, 25 U.S.C. § 1303, brought by a member of the Pueblo of Kewa against the Pueblo of Kewa, an Indian tribe, and Robert B. Coriz, the Tribal Court Judge and Governor of the Pueblo of Kewa. Indian tribes are "distinct, independent political communities, retaining their original natural rights." *Worcester v. Georgia,* 31 U.S. (6 Pet.) 515, 559 (1832). They are domestic dependent nations that exercise inherent sovereign authority over their members and territories. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.,* 498 U.S. 505, 509 (1991). The sovereignty of Indian tribes predates the Constitution and, as a result, Indian Tribes are not subject to the constitutional restraints that bind the federal government and the states. *See Talton v. Mayes,* 163 U.S. 376, 382-84 (1896). However, Congress has primary and plenary authority over Indian affairs and may impose such restraints by statute. *See Washington v. Confederated Bands & Tribes of Yakima Indian Nation,* 439 U.S. 4663, 470-471 (1979).

In the exercise of its plenary authority, Congress has enacted the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301, et seq. The ICRA extends certain constitutional rights to members of Indian tribes. *See* 25 U.S.C. § 1302. The ICRA also grants the privilege of the writ of habeas corpus to test the legality of detention by order of an Indian tribe. 25 U.S.C. § 1303. Jurisdiction over habeas corpus proceedings under the ICRA is vested in the courts of the United

States. 25 U.S.C. 1303; *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 69-72 (1978). Indian tribes, however, retain their sovereign immunity and cannot be sued for habeas corpus relief under the ICRA. Instead, § 1303 authorizes a civil habeas corpus action against tribal officers. *Santa Clara Pueblo,* 436 U.S. at 60.

In a habeas corpus proceeding, the custodian or official having immediate physical custody of the petitioner is a proper party to the proceeding. *See Rumsfeld v. Padilla,* 452 U.S. 426, 442-43 (2004). However, where the petition collaterally attacks the petitioner's tribal conviction and sentence, rather than the manner in which the detention is being carried out, the immediate physical custodian may lack the authority to afford the relief requested by the petitioner. In these circumstances, the proper respondent is not necessarily the person with immediate physical custody but, instead, the official with authority to modify the tribal conviction or sentence. *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 899-900 (2nd Cir. 1996). The *Poodry* court stated:

> "The petitions also name as respondents the tribal officials allegedly responsible for issuing the banishment orders in this case. The respondents do not claim that tribal immunity bars actions against tribal officers for writs of habeas corpus. We note only that the individual respondents can be properly thought "custodians" of the petitioners, despite the fact that the petitioners, though restrained, are not in physical custody. As the "custody" requirement has expanded to encompass more than actual physical custody, so too has the concept of a custodian as a respondent in a habeas case. In examining who the proper respondent would be in a case involving a petitioner free on bail prior to a possible retrial, the Seventh Circuit has observed that '[a] person released on his own recognizance is usually considered to be in his own custody; a person released after posting bail is usually considered to be in either his lawyer's custody or the bondsman's custody. But it would be odd to make any of these the respondent in a habeas corpus action....
> ....
> The truth is that no one has custody of a person who is out on bail but that the Supreme Court has decided that such a person should be allowed to seek unconditional freedom through an action for habeas corpus despite the absence of a custodian. The important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks

> merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom.'
> The individual respondents surely fit this description—they have an interest in opposing the petitions, as well as the ability to lift the banishment orders should the petitions be found on remand to have merit."

*Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d at 899–900 (quoting *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405, 408–09 (7th Cir.1985)).

In this case, Petitioner Garcia has named the Pueblo of Kewa as a Respondent. However, "[a]n application for a writ of habeas corpus is never viewed as a suit against the sovereign," and "§ 1303 does not signal congressional abrogation of tribal sovereign immunity, even in habeas cases." *Poodry,* 85 F.3d at 899. The Pueblo of Kewa is immune from suit and will be dismissed as a party to this proceeding. Respondent Robert B. Coriz, in his capacity as Tribal Court Judge and Governor for the Pueblo of Kewa is a proper tribal respondent and will be ordered to answer the Petition. *Id.* at 899-900.

The Petition names Steve Afeman, Chief Executive Officer of the Emerald Companies, Inc. as a Respondent. (Doc. 1 at 1). Afeman is the CEO of the corporation that manages the San Luis Regional Detention and Support Center, where Petitioner Garcia was previously incarcerated. (Doc. 5). Respondent Afeman is not a proper party to this proceeding. Respondent does not have immediate physical custody of Petitioner Garcia and lacks the ability to lift any tribal order or release Petitioner from his incarceration. *Rumsfeld,* 452 U.S. at 442-43; *Poodry*, 85 F.3d at 899–900. The Court will grant Respondent Afeman's Motion to Dismiss and will dismiss Respondent Steve Afeman as a party.

Petitioner Garcia's Petition and Motion to Amend establish that neither Respondent Elwell, Director of the Sandoval County Detention Center, nor Respondent Rivas, Warden of the San Luis Regional Detention and Support Center, have custody of Garcia. Although Garcia was

5

previously incarcerated at the Sandoval County Detention Center and at the San Luis Regional Detention and Support Center, he is no longer housed at either of those facilities. (Doc. 1 at 4, ¶¶ 15, 17; 7). Petitioner's Motion seeks to substitute Clinton Funk, Warden of Chief Ignacio Tribal Justice Center as a respondent on the grounds that Garcia is currently in incarcerated at the Chief Ignacio Tribal Justice Center and in the immediate physical custody of Warden Funk. (Doc. 7). The Court will dismiss Respondents Elwell and Rivas on the grounds that they are no longer the custodians of Garcia. *Rumsfeld,* 452 U.S. at 442-43. The Court will also grant Petitioner Garcia's Motion to Amend and will order that Warden Clinton Funk be substituted as a named Respondent, in place of Elwell and Rivas, without prejudice to any jurisdictional or venue defenses Warden Funk might raise. Last, the Court will order Respondents Robert B. Coriz and Warden Clinton Funk to answer the Petition within thirty (30) days of entry of this Memorandum Opinion and Order.

IT IS ORDERED:

(1) Respondents Pueblo of Kewa, Matthew Elwell, and David Rivas, are **DISMISSED** as parties to this proceeding;

(2) Respondent Steve Afeman's Motion to Dismiss (Doc. 5) is **GRANTED** and Respondent Afeman is **DISMISSED** as a party to this proceeding;

(3) Petitioner Jermaine Garcia's Motion to Amend Complaint to Reflect Change in Incarceration and Add New Warden (Doc. 7) is **GRANTED,** Clinton Funk in his capacity as Warden of Chief Ignacio Tribal Justice Center is substituted, and the case caption is **AMENDED** to add Clinton Funk, Warden of Chief Ignacio Tribal Justice Center as a Respondent; and

(4) Respondents Robert B. Coriz, Tribal Court Judge and Governor for the Pueblo of Kewa and Clinton Funk, Warden of Chief Ignacio Tribal Justice Center **ANSWER** the Petition

within thirty (30) days from the date of entry of this Order. Respondents' answers shall advise, but are not limited to, whether the Petitioner has exhausted his tribal court remedies as to the issues raised in the federal petition. Respondents shall attach to the answer copies of any pleading pertinent to the issue of exhaustion which was filed by Petitioner in the sentencing court, and any appellate courts, together with copies of all memoranda filed by both parties in support of or in response to those pleadings. Respondents shall also attach to the answer copies of all tribal court findings and conclusions, docketing statements, and opinions issued in Petitioner's tribal court post-conviction or appellate proceedings. In the event Respondents deny exhaustion, Respondents shall identify the tribal court procedures currently available to Petitioner given the nature of Petitioner's claims and their procedural history.

_____
UNITED STATES DISTRICT JUDGE